**April Hastings RAPP and Kevin E. Rapp, Plaintiffs–Appellants,**

v.

**GENERAL MOTORS CORPORATION, Defendant–Appellee.**

No. 01–3786.

United States Court of Appeals, Sixth Circuit.

March 4, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

PER CURIAM.

Plaintiff April Rapp filed this action against her employer, General Motors Corporation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2 and 2000e–3, alleging job discrimination based on gender and retaliation. She also

alleged a violation of Ohio Revised Code § 4112.99 for job discrimination and retaliation. Specifically, Rapp alleged that General Motors discriminated against her because of her gender by failing to promote her to a pipe-fitter position in August 1998 and again in June 1999, and that General Motors retaliated against her for filing an EEOC complaint in 1998 by failing to promote her in June 1999. Her husband, Kevin Rapp, joined her suit alleging a derivative action for loss consortium. The district court granted summary judgment in the defendant's favor. We find no error and affirm.

The facts in this case are set out in the district court's able opinion and need not be repeated here. Based on those facts, the district court held that April Rapp had not established a prima facie case for failure to promote in June 1998 and that, even if she had established a prima facie case, she could not show that General Motor's proffered reason for not selecting her was a pretext for discrimination based on gender. We agree.

Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff who has not presented direct evidence of discrimination—as is the case with this plaintiff—must demonstrate: (1) that she is a member of a protected class; (2) that she applied and was qualified for a promotion; (3) that she was considered for and denied the promotion; and (4) that other employees of similar qualifications who were not members of the protected class received promotions. Here, the first and fourth prongs of Rapp's prima facie case are not in dispute, but the district court concluded that Rapp failed to establish prongs two and three because she did not have a current application for the pipe-fitter position on file and because General Motors therefore did not consider her for the position. Rapp argues that she is exempted from having to meet the "applied for" and "was considered for" prongs under our opinion in *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021–23 (6th Cir.2000), in which we carved out an exception to the requirement that a plaintiff demonstrate that he or she actually applied for and was considered for a promotion. There, we held:

> [I]n failure to promote cases a plaintiff does not have to establish that he applied for and was considered for the promotion when the employer does not notify its employees of the available promotion or does not provide a formal mechanism for expressing interest in the promotion. Instead, the company is held to a duty to consider all those who might reasonably be interested in a promotion were its availability made generally known.

*Id.* at 1022. Although it is true in this case that there is no evidence in the record that General Motors posted a notice indicating that the position was available, arguably bringing Rapp within the *Dews* exception, the plant where she was normally employed had been shut down and the employees laid off, and the promotion was made in anticipation of a reopening. Hence, it is unlikely that Rapp would have seen a notice even if one had been posted.

Moreover, even if Rapp could establish a prima facie case under *Dews*, the record reflects that the defendant provided a legitimate, nondiscriminatory reason for not promoting Rapp, *i.e.*, that none of the decision-makers knew of her interest in the position at the time that the decision was made. It does appear, as Rapp charges, that the promotion went to a white male employee who initially heard about the position, and was therefore able to make a timely application for it, because of a pre-existing relationship with a friend who worked in the General Motors personnel department. But the co-worker in ques-

tion was not involved in the decision to fill the pipe-fitter position, and the mere fact of the pre-existing friendship is insufficient to establish discrimination under Title VII or its Ohio statutory equivalent. Nor does the record establish that the reason later given for the decision was pretextual. Quite simply, no one involved in the hiring decision knew Rapp or that she might be interested in promotion to a pipe-fitter position in August 1998.

As to the pipe-fitter positions that came open in June 1999, the district court correctly held that the plaintiff could not establish a prima facie case because she was no longer employed in the plant where the promotions occurred and was therefore not qualified for the positions under the terms of the applicable collective bargaining agreement between her union and General Motors. The district court was also correct in holding that the facts wholly fail to establish a prima facie case of discrimination based upon a theory of disparate impact. Finally, the district court did not err in concluding that the record fails to establish retaliation on the defendant's part in failing to promote Rapp in 1999, because there is no proof a causal connection between her EEOC charge in 1998 and the promotion decisions made by the company in 1999.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Accordingly, we AFFIRM the judgment of the district court for the reasons set out above and for those set out in the district court's memorandum opinion and order filed June 25, 2001.